# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| LEWIS D. KING, | CIVIL COMPLAINT |
|       Plaintiff, | |
| v. | CASE NO.1:18-cv-02007 |
| EDGEPARK MEDICAL SUPPLIES and MONTGOMERY LYNCH & ASSOCIATES, INC., | DEMAND FOR JURY TRIAL |
|       Defendants. | |

## COMPLAINT

NOW comes LEWIS D. KING ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of EDGEPARK MEDICAL SUPPLIES ("EMS") and MONTGOMERY LYNCH & ASSOCIATES, INC. ("MLA") (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Bankruptcy Discharge Injunction ("Discharge Injunction") pursuant to 11 U.S.C. § 524 for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331

1

and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

4.   Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and common questions of law or fact will arise.

PARTIES

5.   Plaintiff is a natural person and a consumer, over 18 years-of-age, residing in Daleville, Indiana, which is located within the Southern District of Indiana.

6.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39),

7.   EMS operates an online medical supply store that engages in the direct-to-patient home delivery of disposable medical products to chronically ill and aging population in the United States. EMS is registered by RGH Enterprises, Inc., which is located at 1810 Summit Commerce Parkway, Twinsburg, Ohio.   EMS regularly conducts business with consumers located in the State of Indiana.

8.   MLA is "a full service collection firm" that is in the business of collecting consumer debts for others, including debt allegedly owed by Plaintiff.  MLA is registered at 1648 Belwood Road, South Euclid, Ohio.  MLA regularly collects upon consumer located in the State of Indiana.

9.   MLA is a "person" as defined by 47 U.S.C. §153(39).

10. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

11. In 2016, Plaintiff was undergoing cancer treatment and purchased medical supplies through EMS.

12. Due to financial hardship, Plaintiff fell behind on his payments owed to EMS, thus incurring debt ("subject debt").

13. On March 30, 2017 Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Southern District of Indiana under Case Number 17-02229-JJG-7A ("bankruptcy case").

14. Schedule F of Plaintiff's bankruptcy petition listed the subject debt owed to EMS in the amount of $400.00.

15. On April 2, 2017, by virtue of listing EMS as a creditor, the Bankruptcy Noticing Center ("BNC") served EMS with Notice of Chapter 7 Bankruptcy Case.

16. On July 12, 2017, the Bankruptcy Court entered an Order of Discharge in Plaintiff's bankruptcy case.  As a result, all of Plaintiff's liability on his dischargeable debts were extinguished, including the subject debt.

17. The Order of Discharge states:

> "This order means that no one may make any attempt to collect a discharged debt from the debtors personally…Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally.  Creditors who violate this order can be required to pay debtors damages and attorney's fees."

18. After Plaintiff's bankruptcy was discharge, EMS sent Plaintiff a billing statement in the mail regarding the subject debt.

19. Approximately five months ago, even after EMS was notified that the subject debt was discharged, EMS sold the subject debt to MLA.

20. Shortly thereafter, Plaintiff began receiving calls to his cellular phone, (765) XXX-9243, from MLA.

21. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -9243.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

22. Upon answering MLA's phone calls, Plaintiff has experienced a noticeable pause, lasting several seconds in length, before he is connected with a live representative.

23. Upon speaking with an MLA representative, Plaintiff is informed that MLA is attempting to collect upon the subject debt.

24. Plaintiff has notified MLA that the subject debt was discharged in his Bankruptcy, and has demanded that MLA stop contacting him.

25. MLA's representatives have even explained that MLA will take another look at Plaintiff's account, but yet, MLA has continued to contact Plaintiff.

26. In spite of Plaintiff's efforts, MLA has placed at least 10 phone calls from MLA, seeking to collect upon the discharged subject debt.

27. When Plaintiff does not answer MLA's phone calls, MLA leaves a pre-recorded voice message on Plaintiff's cellular phone, asking Plaintiff to return its call.

28. Concerned about the violations of his rights and protections afforded by his bankruptcy discharge, Plaintiff sought the assistance of counsel to ensure that Defendants' collection efforts ceased.

29.  Plaintiff has been unduly and inconvenienced and harassed by Defendants' unlawful attempts to collect the subject debt.

30.  Defendants' conduct has been highly confusing and upsetting to Plaintiff. Plaintiff suffered from emotion distress and anxiety as he was led to believe that her bankruptcy had no legal effect and that he was still obligated on the subject consumer debt.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST MLA)

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though full set forth herein.

32. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

33. MLA is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

34. On its website, MLA identifies itself as a debt collector,[1] and MLA is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

35. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.  Violations of FDCPA § 1692e

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. This section enumerates specific violations, such as:

"The false representation of the character, amount, or legal status of any debt."
15 U.S.C. §1692e(2)(A).

---

[1] http://www.montgomerylynch.com/about.html

"The threat to take any action that cannot legally be taken or that is not intended to be taken." §1692e(5).

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

38. MLA violated §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed at the time MLA demanded payment because it was discharged in Plaintiff's bankruptcy.

39. MLA violated §1692e(5) when it engaged in action that was not legally possible, the collection of the subject debt.

40. MLA violated §1692e(10) when it falsely represented that the subject debt was collectible, as the subject debt was not owed by virtue of Plaintiff's bankruptcy discharge.

**b. Violations of FDCPA § 1692f**

41. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

42. MLA violated §1692f by employing unfair and unconscionable means to collect the subject debt by contacting Plaintiff in an attempt to collect upon the subject debt which was discharged in Plaintiff's bankruptcy and not owed.

43. MLA violated §1692f(1) by attempting to collect a debt that was uncollectible as a matter of law, as the discharge injunction precludes collection of any discharged debt.

44. As pled in paragraphs 28 through 30, Plaintiff has been harmed and suffered damages as a result of MLA's illegal actions.

WHEREFORE, Plaintiff, LEWIS D. KING, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

6

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

<u>COUNT II – VIOLATIONS OF THE DISCHARGE INJUNCTION</u>
(AGAINST DEFENDANTS)

45. Plaintiff restates and realleges paragraphs 1 through 44 as though fully set forth herein.

**a.  Section 11 U.S.C. § 524(a)(2)**

46. Pursuant to 11 U.S.C. § 524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

47. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.,* 239 F.3d 910, 915 (7th Cir. 2001).

48. Punitive damages may be awarded for violations of the bankruptcy discharge, and are especially appropriate when a party acts in "clear disregard and disrespect of the bankruptcy laws." *In re Vazquez,* 221 B.R. 222, 231 (Bankr. N.D. Ill. 1998). Punitive damages of four to ten times the amount of compensatory damages may be appropriate for willful violations of the bankruptcy injunction. *Id.*

**b.  Defendants' conduct was perpetual, willful, and wanton**

49. Defendants violated the discharge injunction by willfully attempting to collect the subject debt with actual notice of Plaintiff's bankruptcy and the discharged status of the subject debt.

50. EMS received written notice of Plaintiff's bankruptcy discharge by the BNC.

7

51. Upon information and belief, EMS communicated knowledge of Plaintiff's bankruptcy case to MLA, by virtue of selling the debt to MLA.

52. MLA then attempted to unlawfully collect upon the discharged subject debt, by placing collection calls to Plaintiff's cellular phone.

53. Defendants should have implemented procedures and trained its employees in order to discourage and also prevent willful and wanton violations of the Bankruptcy Code.

54. Defendants' conduct demonstrates that it has no such system in place to protect the rights of innocent consumers under the protection of the Bankruptcy Code.

55. Based on the broad language of the Bankruptcy Code, Defendants willfully sought to collect a debt from Plaintiff in violation of the discharge injunction, thus warranting sanctions and punitive damages to deter future conduct of a similar nature.

WHEREFORE, Plaintiff, LEWIS D. KING, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Hold Defendants in civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105;

b. Order Defendants to pay Plaintiff for his actual damages, in an amount to be determined by the Court, as a result of the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105;

c. Order Defendants to pay punitive damages, in an amount to be determined by the Court, for the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105;

d. Order Defendants to pay Plaintiff his reasonable legal fees and expenses for violations of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105; and

e. Provide such other and further relief as the Court may deem just and proper;

### COUNT III – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
(AGAINST MLA)

56. Plaintiff repeats and realleges paragraphs 1 through 55 as though fully set forth herein.

57.   The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

58.   MLA's used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting several seconds in length, which Plaintiff experienced during answered calls from MLA's is instructive that an ATDS was being utilized to generate the phone calls. Furthermore, the pre-corded messages and voicemails Plaintiff experienced similarly demonstrates MLA's use of an ATDS. Moreover, the nature and frequency of MLA's contacts points to the involvement of an ATDS.

59.   MLA's violated the TCPA by placing at least 10 phone calls to Plaintiff's cellular phone using an ATDS without his consent. MLA never had consent to contact Plaintiff, as the subject debt for which MLA was seeking to collect upon was discharged in Plaintiff's bankruptcy.  Either way, Plaintiff still notified MLA to stop calling, revoking any hypothetical consent.

60. The calls placed by MLA to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

61.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), MLA is liable to Plaintiff for at least $500.00 per call.  Moreover, MLA's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). MLA willfully violated the TCPA. Armed with the knowledge that Plaintiff did not consent to receive calls to her cellular phone, MLA continued its incessant and relentless campaign of collection calls.

9

WHEREFORE, Plaintiff, LEWIS D. KING, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 29, 2018                                         Respectfully submitted,

s/ Nathan C. Volheim                                      s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                 Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                        Counsel for Plaintiff
Admitted in the Southern District of Indiana    Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.                             Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200             2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                Lombard, Illinois 60148
(630) 568-3056 (phone)                               (630) 581-5858 (phone)
(630) 575-8188 (fax)                                   (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                         thatz@sulaimanlaw.com